[Civ. No. 4645. First Appellate District, Division One.—June 30, 1924.]

H. MOFFAT COMPANY (a Corporation), Respondent, v. G. H. HECKE, as Director of Agriculture, etc., Appellant.

[1] CONSTITUTIONAL LAW—CATTLE PROTECTION ACT—INSPECTION—NOTICE — DUE PROCESS. — The Cattle Protection Act (Stats. 1917, c. 678) and the portion of the act of 1919 creating the Department of Agriculture and providing that the director of that department should succeed to and be vested with all the powers, duties, responsibilities, and jurisdiction of the cattle inspection board (Stats. 1919, c. 325), which provide that "if upon inspection cattle shall be found not belonging to the shipper all such cattle shall be taken by the inspector and dealt with in accordance with the rules of the board in such case made," but which makes no provision for notice, either actual or constructive, to the owner of the action to be had, contravenes the due process of law clause of the federal constitution and are, therefore, void.

[2] ID.—ESSENTIALS OF DUE PROCESS—NOTICE.—One who is in possession of property under a claim of right cannot be deprived of its possession without due process of law; and to constitute due process the statute itself must provide for notice of a time and place of hearing, giving to the parties an opportunity to present in a deliberate, regular, and orderly manner issues of fact and law.

[3] ID.—DEPRIVATION OF PROPERTY—ABSENCE OF STATUTORY PROVISION —FAILURE TO PROVIDE FOR NOTICE — VOLUNTARY ADOPTION OF RULES.—The essential validity of a law is to be tested not by what has been done under it, but by what may by its authority be done; and where a statute authorizes a board to deprive a person of property, but such statute makes no provision for hearing or notice, either actual or constructive, such deficiency in the statute is not supplied by the voluntary adoption by the board of rules covering the situation.

(1) 3 C. J., p. 188, sec. 655 (Anno.); 12 C. J., p. 1241, sec. 1017.
(2) 12 C. J., p. 1197, sec. 961 (Anno.), p. 1213, sec. 988 (Anno.).
(3) 12 C. J., p. 786, sec. 219, p. 1241, sec. 1017.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

2. See 5 Cal. Jur. 869; 6 R. C. L. 446.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Leon E. French, Deputy Attorney-General, Edward E. Leighton and George R. Clough for Appellant.

W. E. Cashman and R. M. F. Soto for Respondent.

TYLER, P. J.—Complaint in equity for permanent injunction. Plaintiff is a corporation engaged in the wholesale butcher business, In the conduct of such business it ships cattle from various points in the state to its slaughter-house situated in San Francisco. The complaint alleges that its business is interfered with by defendant, the state Director of Agriculture, who, it is charged, enters upon plaintiff's premises for the purpose of inspecting cattle shipped there to be slaughtered. The cause of action is based upon the theory that the defendant is without power either to make such inspection or to charge fees therefor. A perpetual injunction against such acts together with general relief is prayed for. To this complaint a general denial was interposed. The case was tried upon an agreed statement of facts which show that the defendant, under threat of prosecution of plaintiff in case of refusal, did enter upon the plaintiff's premises for the purpose indicated. Defendant sought to justify his right so to do by virtue of the provisions of chapter 678, Statutes of 1917, commonly known as the Cattle Protection Act, and chapter 325, Statutes of 1919, pages 542-546, amendatory thereof.

[1] Plaintiff claimed below and does here that the statutes upon which the defendant relies for his authority contravene the due process of law clause of the federal constitution, and are therefore void. Various other constitutional objections are urged.

The trial court found in accordance with the agreed statements of facts. It entered judgment as prayed for by which the defendant was enjoined from entering the plaintiff's premises in San Francisco to inspect "such cattle as are shipped to said plaintiff's premises for the slaughtering of them when such cattle belong to the plaintiff and are owned by it from the time they are originally shipped at points in this state outside of the city and county of San Francisco," and also

enjoin the defendant "from inspecting any cattle whatsoever shipped by the plaintiff for slaughtering purposes at or from any point in California" where the right to make such inspection is claimed under chapter 678, Statutes of 1917 (Cattle Protection Act) or chapter 325, Statutes of 1919 (act creating the Department of Agriculture and transferring to the said department the duties of the cattle protection board and other governmental bodies or commissions).

The decision of the lower court was based entirely upon the theory that the acts under which the defendant operated are unconstitutional as denying to the plaintiff due process of law. The court quotes the provision of the act of 1917, "If upon such inspection cattle shall be found not belonging to the shipper all such cattle shall be taken by the inspector and dealt with in accordance with the rules of the board in such case made," and concludes that as no provision is made for notice, actual or constructive, to the owner of the action to be had, the act is void.

We are of the opinion that the trial court was correct in its conclusion. For a full understanding of the situation a review of the statutes in question becomes necessary.

The pertinent provisions of the original act are as follows:

Section 1. "That there be and is hereby created a Cattle Protection Board. . . Said board is hereby authorized and it is made its duty to exercise a general supervision over and protect the cattle of this state from theft, and to make such rules and regulations as may be necessary to carry out the purposes and intent of this act."

Section 5. "Upon the sale or transfer of any range cattle in this state the actual delivery of such cattle shall be accompanied by a written bill of sale giving the number, kind and marks and brand of each animal, which bill of sale shall be signed by the party giving the same."

Section 10. "No cattle (except cattle shipped for slaughter and which have been inspected as herein provided prior to shipment) shall be slaughtered until they shall have been first inspected and certified to as being the property of the person slaughtering the same or causing same to be slaughtered. . . provided that any person licensed hereunder to slaughter cattle, after 24 hours notice in writing addressed to the local inspector demanding his presence at a specified time and place for the purpose of inspecting such cattle

for slaughter, may without the certificate of inspection slaughter said cattle.''

Section 12. ''It shall be the duty of inspectors to inspect all cattle for marks and brands which are offered for transportation to any common carrier at the loading station thereof. If upon such inspection cattle shall be found not belonging to the shipper all such cattle shall be taken by the inspector and dealt with in accordance with the rules of the board in such case made. Inspectors must inspect all cattle subject to inspection immediately, and when inspected the one in charge thereof shall pay to the inspector the sum of five cents per head, whereupon the inspector shall certify that such cattle have been inspected.

The second act, that of 1919, contains the following provisions bearing upon this case:

Section 1. ''A department of the government of the State of California to be known as the department of agriculture is hereby created. The department shall be conducted under the control of an executive officer to be known as the director of agriculture.''

Section 5. ''The director of agriculture may make investigations. . . . In connection therewith he shall have the right to inspect books and records and to hear complaints, administer oaths, certify to all official acts, and to issue subpoenas for the attendance of witnesses and the production of papers, books, accounts, documents and testimony in any inquiry, investigation, hearing or proceeding pertinent or material thereto in any part of the state.''

Section 8. ''The director of the department of agriculture shall succeed to and is hereby vested with all the duties, powers, responsibilities and jurisdiction of (naming various bodies, including) the cattle inspection board, and of the several officers of such bodies . . . Said bodies, offices and officers whose duties, powers, purposes and responsibilities are so transferred to and vested in the director of the department of agriculture are and each of them is hereby abolished, and shall have no further legal existence, but the statutes and laws under which they existed and all laws prescribing their duties, powers, purposes and responsibilities and jurisdiction together with all lawful rules and regulations established thereunder are hereby expressly continued in force. . . . ''

From a reading of the statutes in question it is manifest that they were designed for the protection of owners of range cattle from theft. It will be noticed that the original act, referred to as the Cattle Protection Act, provides for inspection for the purpose of determining ownership of cattle about to be slaughtered for the market. It will be further noticed that section 12 of the original act makes no provision for the giving of notice either to the apparent owner or to any other person. The appellant contends that as the law presumes that a public officer will act lawfully a presumption is raised that such rules and regulations as will be made by the defendant will be duly promulgated and will provide a lawful method for the disposition of cattle taken from the possession of a shipper or slaughterer. Whether the board has or has not made rules covering the situation we do not know, for none are before us. However this may be, we do not consider that there is any merit in this contention. [2] One who is in the possession of property under a claim of right cannot be deprived of its possession without due process of law. To constitute due process the statute itself must provide for notice of a time and place of hearing, giving to the parties an opportunity to present in a deliberate, regular, and orderly manner issues of fact and law. [3] It is essential to the validity of the statute that it furnish the means whereby one may enforce his constitutional rights. It is no answer that the authorities may provide for a notice and hearing, for the right of a person to have his day in court must rest upon something more substantial than favor or discretion. The essential validity of the law is to be tested not by what has been done under it but by what may by its authority be done (*Modern Loan Co.* v. *Police Court,* 12 Cal. App. 582 [108 Pac. 56]. See, also, *Suckow* v. *Alderson,* 182 Cal. 242, 249 [187 Pac. 965]; *Hewitt* v. *Board of Medical Directors,* 148 Cal. 590 [113 Am. St. Rep. 315, 3 L. R. A. (N. S.) 896, 84 Pac. 39]). The law itself must provide for notice and give a right of hearing (*Lacey* v. *Lemmons,* 22 N. M. 540 [L. R. A. 1917A, 1185, 159 Pac. 949]). The vice of the acts in question is that no notice, either actual or constructive, is required to be given.

An extended discussion of this subject is not necessary, for the legislature, evidently recognizing the infirmity of the acts, amended the same in 1921 by enacting what is known

as the hide and brand law, wherein it is provided that cattle found in the possession of a person unable to produce *indicia* of ownership are to be dealt with as estrays (Stats. 1921, c. 725). No further interference with plaintiff's business, therefore, will occur in the future under the two acts here considered.

From what we have said it follows that the trial court properly enjoined the defendant from the acts complained of.

The judgment is affirmed.

Knight, J., and St. Sure, J., concurred.