[Civ. No. 23939. Second Dist., Div. Four. Dec. 5, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
LOCKHEED SHIPBUILDING AND CONSTRUCTION
COMPANY et al., Defendants and Respondents.

**COUNSEL**

Roger Arnebergh and Burt Pines, City Attorneys, David Perez, Assistant City Attorney, David Martin Schacter, Richard M. Helgeson and Roosevelt F. Dorn, Deputy City Attorneys, for Plaintiff and Appellant.

O'Melveny & Myers, Charles G. Bakaly, Jr., Gordon E. Krischer and John L. Zenor for Defendants and Respondents.

## OPINION

**KINGSLEY, J.**—On March 27, 1972, a misdemeanor complaint was filed against Lockheed Shipbuilding and Construction Company, a corporation, and Loren G. Savage and Otha G. Ree, Jr. (among other individuals). This included charges of violations of five separate safety orders and recommendations issued by the Division of Industrial Safety. Each "order and recommendation" was allegedly given by authority of section 6313 of the Labor Code and made criminal by section 6315.

The municipal court sustained a demurrer to counts in the complaint based on such safety orders, without leave to amend, on the theory that section 6315 (as applied to orders and recommendations made under § 6313) is unconstitutional. The appellate department of the superior court agreed with the municipal trial court's determination. Pursuant to rule 63(a) and (c), California Rules of Court, we certified the transfer of the above entitled cause to this court. For reasons that we shall detail below, we agree with the findings of the lower courts.

Section 6313 of the Labor Code reads as follows: "The division may investigate the cause of all industrial injuries resulting in disability or death which occur within the State in any employment or place of employment, or which directly or indirectly arise from or are connected with the maintenance or operation of such employment or place of employment.

"The division may make orders or recommendations with respect to the cause of such injuries which are just and reasonable; but neither the order nor the recommendation of the division shall be admitted as evidence in any action for damages or any proceeding to recover compensation, based on or arising out of such injury or death."

Section 6315, which provides that a violation of orders or recommendations under 6313 or 6314 is a misdemeanor, reads as follows:

"Any person who violates any order or recommendation made by authority of Sections 6313 or 6314 or who in any way obstructs or hampers any person conducting any investigation authorized by the division, is guilty of a misdemeanor."

Appellant first argues that the municipal court was without jurisdiction to rule on the demurrer, contending that all orders, rules, regulations, findings and decisions "made or entered under this part" are reviewable exclusively by the Supreme Court and Courts of Appeal. (Lab. Code,

§ 6600.) The argument is without merit. The orders and recommendations were not directly attacked below. The municipal court and the superior court have power to declare statutes unconstitutional, and that was the question before the lower courts in the cases at bench.

Insofar as section 6313 provides for division investigations of industrial accidents and for recommendations to an employer of measures designed to prevent a recurrence, it is constitutionally unobjectionable. It is the joinder of the powers allegedly conferred by section 6313 with the criminal provisions of section 6315 that creates the constitutional problem before us. ■ We determine that, in the context of the case before us, such joinder renders the application of section 6315 to an "order or recommendation" made under section 6313 unconstitutional, as being violative of due process of law, in that (a) there is no provision requiring a hearing, either before or after the fact, and (b) there is no provision for notice of their content to the affected person after they are made. The absence of language within the statute providing for notice is fatal. "Engrained in our concept of due process is the requirement of notice. Notice is sometimes essential so that the citizen has a chance to defend charges. Notice is required before property interests are disturbed, before assessments are made, before penalties are assessed. Notice is required in a myriad of situations where a penalty or forfeiture might be suffered for mere failure to act." (*Lambert* v. *California* (1957) 355 U.S. 225, 228 [2 L.Ed.2d 228, 231, 78 S.Ct. 240].)

It is arguable that the requirement for notice is basically irrelevant here in that, in the absence of notice of the subject order, no one possibly could be successfully prosecuted for its violation. But the question is not whether, pragmatically, prosecutions such as the one herein involved will result in convictions, but whether the application of section 6315 to an order under section 6313 subjects an employer and his subordinates to the threat of such conviction. To constitute due process of law, the statute itself must provide for notice and hearing. The essential validity of a law is tested, not by what has been done under it in a particular case, but by what may be done. For example, where a statute authorizes the taking of private property but makes no provision for hearing or notice, it is not valid. (*Merco Constr. Engineers, Inc.* v. *Los Angeles Unified Sch. Dist.* (1969) 274 Cal.App.2d 154, 167 [79 Cal.Rptr. 23]; *H. Moffat Co.* v. *Hecke* (1924) 68 Cal.App. 35, 39 [228 P. 546].)

In addition to reasonable notice, the parties must have an opportunity for a hearing to satisfy the requirements of due process. (*H. Moffat Co.* v. *Hecke, supra,* 68 Cal.App. 35; see *People* v. *Thompson* (1935) 5 Cal.App. 2d 655, 659-660 [43 P.2d 600].) ■ Administrative proceedings which

deny notice or hearing, or which provide inadequate methods, are lacking in due process. (See *Morgan* v. *United States* (1936) 298 U.S. 468 [80 L.Ed. 1288, 56 S.Ct. 906]; *Morgan* v. *United States* (1938) 304 U.S.1 [82 L.Ed. 1129, 58 S.Ct. 773].) In the case at bench the statutes involved have no provision for a hearing.

Appellant argues that a hearing under this type of statute is not essential. It is true that an agency, in exercising a quasi-legislative function, need not constitutionally give the affected class a hearing. (See *Ray* v. *Parker* (1940) 15 Cal.2d 275 [101 P.2d 665].) It is also constitutional for a statute to make criminal violations of regulations issued by the agency exercising its quasi-legislative function. (*United States* v. *Grimaud* (1911) 220 U.S. 506 [55 L.Ed. 563, 31 S.Ct. 480].) However, orders made under section 6313 are clearly of the quasi-judicial or enforcement nature, not quasi-legislative, since they do not affect employers or places of employment as classes, but are directed to a specific employer after an accident or accidents. "Due process requires a hearing where the proceeding is quasi-judicial in nature. . . ." (3 Witkin, Summary of Cal. Law (7th ed. 1960) Constitutional Law, § 119, p. 1923.)

It can be argued that a prior hearing is not necessary because a condition may be so dangerous to life and limb as to require that action be taken without delay. The requirement of prior notice and hearing has been subject to certain exceptions where prompt action is necessary as a matter of public policy. (See *Yakus* v. *United States* (1944) 321 U.S. 414 [88 L.Ed. 834, 64 S.Ct. 660, 676].) For example, seizure or destruction of dangerous property, such as diseased cattle, infected food or clothing, or items used only for illegal purposes, has been held lawful. (See, for example, *Lawton* v. *Steele* (1893) 152 U.S. 133 [38 L.Ed. 385, 14 S.Ct. 499].) However, there must be a hearing after the emergency action. There must "be notice and opportunity for a hearing *at some stage;* i.e., the party is entitled to a subsequent hearing to review the determination and obtain redress if it is found improper, and this subsequent opportunity for a hearing satisfies due process." (3 Witkin, Summary of Cal. Law (7th ed. 1960) Constitutional Law, § 120, pp. 1923-1924; see *Ewing* v. *Mytinger & Casselberry* (1950) 339 U.S. 594 [94 L.Ed. 1088, 70 S.Ct. 870].)

In the case at bench, the statute provides for no hearing, either before or after any emergency. Section 6602,[1] on which appellant relies, does not

---

[1]"At any time within 20 days after the service of any final order under this part, any person aggrieved thereby or otherwise affected, directly or indirectly, may petition for a rehearing upon any of the following grounds and upon no other: (a) That the division acted without or in excess of its powers. (b) That the order or decision

provide for a hearing after the order is adopted; that section provides only for a *rehearing* as to any final order "under this part."[2] Thus, the function of section 6602 is limited to rehearings in cases where there have *already* been hearings; it does not provide for a hearing after the fact, emergency or no, for orders under section 6313.

Further, even if this court were to read "rehearing" in section 6602 to mean "hearing," section 6313, considered with section 6315, still denies procedural due process. A hearing under section 6602 may be applied for within "20 days after *service* of any final order." (Italics supplied.) There is no provision anywhere that orders under section 6313 shall be served on anyone. Consequently, "hearings" or "rehearings" under section 6602 must be restricted to those cases where the defendants have been served as provided in some of the provisions of the statute. Reading "rehearing" as "hearing" would not be of assistance to appellant.

■ In conclusion, even if we were to construe the sections as covering emergencies such that prior hearings are not required, the sections are still violative of due process because later hearings are not provided for within the statute.

Furthermore, we find no alternative procedure by which a section 6315 defendant can secure the equivalent of a hearing for himself. In *Samuels* v. *McCurdy* (1925) 267 U.S. 188 [69 L.Ed. 568, 45 S.Ct. 264], the Supreme Court held that no specific statutory hearing was necessary where a state law provided for destruction and seizure of liquor where a defendant had a right to seek an injunction against the destruction of seized property. The court held that the suit by a defendant to enjoin the destruction of the property was the equivalent of a hearing, and therefore there was no denial of due process. In the case at bench there is no alternative procedure by which a defendant who disagrees with an order can seek the equivalent of a hearing. It hardly can be argued that the criminal proceeding under section 6315 is an equivalent to such a hearing.

Appellant relies heavily on *In re Halko* (1966) 246 Cal.App.2d 553 [54 Cal.Rptr. 661], to support its contention that sections 6313 and 6315 do not violate due process. In *Halko* health officers were empowered to examine and quarantine persons suspected of having tuberculosis. Under the statute in that case, the person suspected of having tuberculosis may be

was procured by fraud. (c) That the order, decision, rule, or regulation is unreasonable." (Lab. Code, § 6602.)

[2]"This part" would, so far as applicable, include sections in the 6300 series.

examined by his own doctor and the health officer may then issue a quarantine if necessary for the public health. Violation of the health order is made a misdemeanor by statute. We believe the reasoning of *Halko* is not applicable here because, in *Halko,* numerous statutory protections are provided to the individual that are not provided an employer in sections 6313 and 6315. In *Halko* an isolation order must be in writing and it must be *served* on the person involved, but there are no similar protections in the statute before us. Furthermore, in *Halko,* the suspected individual is entitled to have an examination by a physician of his choice, and such procedure is pragmatically equivalent to a hearing. In sections 6313 and 6315 a defendant has no recourse to a hearing or some substitute for a hearing if he believes the orders and recommendations of the commission are improper.

The case of *Yakus* v. *United States, supra,* 321 U.S. 414, relied on by appellant, also provided protection for the party charged not provided for employers under sections 6313 and 6315. In *Yakus,* the executive orders and regulations were published, and since they were of quasi-legislative character the persons to whom the regulations applied, were put on notice of the OPA regulations. In the statute at bench, the section 6313 orders were not required to be written, published or served on respondents in any way; therefore, the respondents are not put on notice.

It is contended that the attack on these sections before us overturns the entire state industrial safety scheme. Such is not the case. If the division has reason to believe a place of employment is unsafe, it may investigate on its own motion with or without notice or hearing (§ 6505). After such notice and hearings as it may prescribe, it may then make any orders necessary. All persons must comply (§ 6503), and the orders are conclusively presumed reasonable unless, prior to the institution of criminal proceedings for a violation, proceedings for a rehearing or a review have been instituted and are not final (§ 6507). If a place of employment is a "serious menace" to lives or safety of workers, the division may apply for an injunction (§ 6508) and a temporary restraining order (§ 6509). The division may, when a place of employment or a machine is unsafe, prohibit its use and attach a notice to it until the condition is corrected. Use of tagged items or places by anyone is a misdemeanor (§ 6511). Thus, if prompt action is necessary, a civil injunction and temporary restraining order can be used to deal with the danger, and the statutory protections are not rendered ineffective by our holding.

## I

Respondents allege that section 6313 violates the equal protection clause in that the orders or recommendations are issued without the procedural

safeguard of a hearing, and that judicial review is cut off by criminal proceedings. In the case of *Schaezlein* v. *Cabaniss* (1902) 135 Cal. 466 [67 P. 755], the petitioners challenged a safe employment law. The petitioners were criminally charged under a section making it a misdemeanor to violate any provisions of the act. The court found the statute unconstitutional. The court found that the law conferred on a single person the right to determine the sanitary condition of the workshop, the right to determine how it could be improved by installing certain appliances, and the law also held that the failure to install the appliances would be a criminal offense. The court found that under the law the position of the commissioner was conclusive and that as such the commissioner had the power to make law for the individual. The Supreme Court held this to be arbitrary and special legislation.[3]

---

[3]"It is no invasion of the right of the employer freely to contract with his employee, to provide by general law that all employers shall furnish a reasonably safe place and reasonably wholesome surroundings for their employees. The difficulty with the present law, however, is, that it does not so provide, but that it is an attempt to confer upon a single person the right arbitrarily to determine not only that the sanitary condition of a workshop or factory is not reasonably good, but to say whether, even if reasonably good, in his judgment, its condition could be improved by the use of such appliances as he may designate, and then to make a penal offense of the failure to install such appliances. 'The very idea that one man may be compelled to hold his life, or the means of living, or any material right essential to the enjoyment of life, at the mere will of another, seems to be intolerable in any country where freedom prevails, as being the essence of slavery itself.' (*Yick Wo.* v. *Hopkins*, 118 U.S. 356 [30 L.Ed. 220, 6 S.Ct. 1864].) Under the law here in question, it matters not how unwholesome, how dangerous, how unsanitary the condition of any factory or workshop may be, the proprietor is guilty of no offense until the commissioner of the bureau of labor statistics has required him to use appliances which the commissioner himself shall designate and he has refused so to do. Nor does it matter, if the condition of such a workshop be reasonably wholesome for the uses of the operatives, if 'dust, filaments, or injurious gases' are 'liable to be inhaled' (and it is here the mere *liability*, and not the *fact*, of inhalation which invites the action of the commissioner), and if, in the opinion of the commissioner, such liability to inhalation could 'to a great extent' be prevented, he may designate and prescribe the kind of appliance which, in his judgment, is suitable for such purpose, and it must be employed.

"But the judgment of the commissioner is not only the determinative factor in the proposition as to whether or not the condition of the factory may be improved 'to a great extent,' but under this law it is absolutely conclusive and binding upon the question of the appliances to be used, and thus it may result, as to three factories similarly situated, which as to sanitation or the danger from inhalation are in precisely the same condition, that the proprietor of one may be guilty of no offense, because he has not been notified by the commissioner to adopt any appliance, the proprietor of the second may be called upon to put into use some appliance at a trifling cost, while the proprietor of the third may have imposed upon him an expense for apparatus amounting to thousands of dollars. In short, arbitrarily and within the declaration, not of the Legislature, but of the commissioner, no burden whatever may be imposed upon one institution, while the other, in obedience to this law, may be

Although *Schaezlein* involved administrative action by a single individual while section 6313 refers to action by the commission, we think that distinction is not here material. ■ The statute attempts to authorize an administrative agency, not a legislative body, to make law in individual cases, involving an individual employer, without a hearing and solely on its untrammelled opinion as to the wisdom of such a rule. As in *Schaezlein,* we find that this attempts to authorize arbitrary, special legislation and that it is unconstitutional.[4]

The order appealed from is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied December 21, 1973, and appellant's petition for a hearing by the Supreme Court was denied January 31, 1974.

---

subjected to a most onerous and even destructive expense. The Legislature, as we have said, may require the owners of factories and workshops to put their buildings in proper condition as to sanitation, may require them to provide reasonable safeguards against danger for the operatives, but it may not leave the question as to whether and how these things shall be done or not done to the arbitrary disposition of any individual." (*Schaezlein* v. *Cabaniss, supra,* 135 Cal. at pp. 469-470.)

[4]Even the Legislature is constitutionally prohibited from enacting such individualized legislation in these instances, although accomplished by the full legislative process. (Cal. Const., art. IV, § 16.)