OPINION
{¶ 1} Appellant, Deanna L. Derecskey, appeals from the September 18, 2008 judgment entry of the Geauga County Court of Common Pleas, overruling her objections and adopting the magistrate's decision.
 {¶ 2} Appellant and appellee, Daniel L. Derecskey, were married on August 10, 1991, and no children were born as issue of the marriage. The parties entered into a *Page 2 
separation agreement on April 28, 2006. On May 9, 2006, appellant and appellee filed a petition for dissolution.
 {¶ 3} Hearings were held before the magistrate on May 13, 2006, and on July 13, 2006.
 {¶ 4} Pursuant to his July 18, 2006 order, the magistrate determined that appellee pay spousal support to appellant in the amount of $1,000 per month, plus two percent processing charge.
 {¶ 5} In its July 18, 2006 judgment entry, the trial court ordered, adjudged, and decreed that the marriage contract between the parties be dissolved and set aside, and that the separation agreement be incorporated and ordered into execution. The trial court ordered appellee to pay spousal support to appellant in the amount of $1,000 per month, plus two percent processing charge, beginning August 1, 2006, until August 1, 2011.
 {¶ 6} On May 7, 2007, appellee filed a motion to terminate spousal support, a motion to show cause why appellant should not be held in contempt of court, and for attorney fees. Specifically, appellee indicated that appellant has continued to accept spousal support, despite her cohabitation with a male, Timothy Bravchok ("Bravchok").
 {¶ 7} On July 31, 2007, appellant filed a motion to show cause why appellee should not be held in contempt of court for failure to pay for her health insurance.
 {¶ 8} On October 19, 2007, appellee filed a brief in support of his post-decree motion to terminate spousal support.
 {¶ 9} A hearing was held before the magistrate on October 23, 2007. Testimony was taken from both parties. *Page 3 
 {¶ 10} In his November 30, 2007 decision, the magistrate recommended that appellee's spousal support obligation should be terminated as of June 1, 2007, due to appellant's cohabitation, in violation of the parties' separation agreement. The trial court adopted the magistrate's decision that same date. Appellant filed objections on December 11, 2007, and a memorandum in support on January 9, 2008.
 {¶ 11} Also on January 9, 2008, appellee filed a response to appellant's objections, as well as objections to the magistrate's decision.
 {¶ 12} On February 5, 2008, the trial court held that neither party should be held in contempt, and remanded the matter back to the magistrate to arrive at an express date of cohabitation as well as determine figures to be restored or refunded to the appropriate party. On February 15, 2008, appellee filed a motion for reconsideration, which was denied by the trial court on February 21, 2008.
 {¶ 13} A hearing was held before the magistrate on February 26, 2008.
 {¶ 14} Pursuant to his August 29, 2008 decision, the magistrate concluded that appellant's cohabitation with Bravchok began sometime in August of 2006, and that appellee is entitled to an order terminating his obligation to pay spousal support and to maintain appellant's health insurance. Appellant filed objections on September 11, 2008. Appellee filed a response to appellant's objections as well as objections to the magistrate's decision the following day.
 {¶ 15} Pursuant to its September 18, 2008 judgment entry, the trial court overruled appellant's objections and adopted the August 29, 2008 magistrate's decision. The trial court found and ordered that the August 29, 2008 decision supersedes the November 30, 2007 decision, to the extent that the two decisions are inconsistent. The *Page 4 
trial court held that appellee was no longer obligated to pay appellant spousal support and health insurance due to her cohabitation. Appellee was awarded judgment against appellant in the amount of $15,300, plus interest. Each party was responsible for his or her own attorney fees. It is from that judgment that appellant filed a timely notice of appeal, asserting the following assignment of error for our review:
 {¶ 16} "The Trial Court erred to the prejudice of [appellant] in ruling that she should no longer receive Spousal Support."
 {¶ 17} In her sole assignment of error, appellant argues that the trial court erred by ruling that she should no longer receive spousal support because there is insufficient evidence to establish that she was cohabitating with Bravchok.
 {¶ 18} This court stated in Doody v. Doody, 11th Dist. No. 2006-L-200,2007-Ohio-2567, at ¶ 51-52:
 {¶ 19} "The issue of whether a recipient of spousal support has `legally cohabitated' so as to terminate such support is reviewed under a manifest weight of the evidence standard. Clark v. Clark,168 Ohio App.3d 547, 2006-Ohio-4820, at ¶ 14, * * * (citation omitted). Under this standard, `(judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, * * * at syllabus.
 {¶ 20} "The essential elements of cohabitation, as adopted by this court, are `(1) an actual living together; (2) of a sustained duration; and (3) with shared living expenses with respect to financing and day-to-day incidental expenses.' Harrison v. Harrison, 11th Dist. No. 2005-A-0029, 2006-Ohio-4948, at ¶ 13, citing Moell v. Moell (1994), *Page 5 98 Ohio App.3d 748, 752, * ** . `(C)ohabitation suggests not only a relationship between two parties, sexual or otherwise, but also implies that some sort of monetary support exists between the former spouse and the paramour so as to constitute the "functional equivalent of marriage."' Clark, 168 Ohio App.3d 547, 2006-Ohio-4820, at ¶ 17, * * *. (citation omitted)." (Parallel citations omitted.)
 {¶ 21} In the case at bar, page three of the parties' separation agreement provides:
 {¶ 22} "SPOUSAL SUPPORT
 {¶ 23} "The husband shall pay to the wife the sum of One Thousand Dollars ($1,000.00) per month, plus a 2% poundage, through the Bureau of Support, for the spousal support. Said support continues until any of the following occurs:
 {¶ 24} "1. Wife marries, or co-habitats (sic) with another male; or
 {¶ 25} "2. For a period of sixty (60) months."
 {¶ 26} The separation agreement also required appellee to maintain appellant's health insurance for so long as he had an obligation to pay spousal support.
 {¶ 27} The evidence in the present case reveals that appellant and Bravchok began a casual relationship in April of 2006. In June of that same year, Bravchok rented a room space in appellant's home for $500 per month and moved in. Appellant testified that she paid Bravchok $9.50 per hour to help with her dog business. Appellant indicated that in August of 2006, she and Bravchok began dating and would have "casual" sex. She maintained that the relationship became romantic and more meaningful. Appellant told her mother and her best friend about this close, personal relationship. Appellant stated that she and Bravchok attended social events together *Page 6 
and may have been seen kissing each other. According to appellant, Bravchok sometimes would buy groceries, which they both consumed, as well as mow the lawn, help around the house, maintain the pool, and use her laundry supplies. Appellant and Bravchok would not eat dinner together because they both worked evenings.
 {¶ 28} Appellant's description of her relationship with Bravchok does not fit that of a landlord-tenant. Rather, the evidence in the record establishes the element of consortium. There exists a degree of financial commingling by virtue of appellant and Bravchok living together and sharing familial and financial responsibilities. The evidence shows cohabitation, which justified the termination of appellee's support responsibilities. The magistrate's decision, and the trial court's adoption of it, is supported by competent, credible evidence.
 {¶ 29} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
MARY JANE TRAPP, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1