OPINION
{¶ 1} Appellant, Margaret E. Clark, appeals from a judgment of the Portage County Court of Common Pleas, granting her and appellee, James A. Clark, a divorce and awarding her spousal support. For the reasons set forth below, we affirm the trial court's judgment.
 {¶ 2} The parties were married on October 26, 1974, and there are no minor children as issue of the marriage.
 {¶ 3} Appellant had no formal education beyond high school and worked at general labor jobs throughout the marriage. Her last employment was with the Hattie Larlham Foundation as a child care assistant, and she worked forty-hour weeks at $8.62 per hour. Appellant testified this was her highest rate of pay throughout the marriage and that she had no pension or retirement benefits.
 {¶ 4} Appellant ceased employment in approximately 1995 when she was diagnosed with Guilliam Barre disease, and since then she received $677 per month in Social Security disability benefits. According to appellant, Guilliam Barre disease affects the nervous and muscular systems. Appellant stated, "[i]t damages the nerve endings in your body and leaves you paralyzed from your neck down. It can also affect your lungs and breathing, which it didn't affect mine, it just paralyzed me from the neck down for like three months in the hospital." Appellant testified that the disease can worsen and relapse at any time and that she had one relapse placing her in the hospital for six weeks. Although she was in "remission" at the time of the hearing, appellant stated she had some residual effects including dropsy in her feet. No medical evidence was provided.
 {¶ 5} Appellee had no formal training beyond high school and worked at Kennamettle, Inc., as a machinist since 1981. He worked thirty-two to forty-hour weeks and earned approximately $17.62 per hour. According to appellee, he took medication for depression and had a cyst on his kidney and an enlarged heart which moderately affected his ability to work.
 {¶ 6} Appellee testified that appellant had an affair in 1990 with Ronald Ziska ("Ziska"). Appellant did not counter or otherwise deny this testimony. In July 2002, appellant left the marital home and, that same day, began to reside with Ziska. Appellant filed a complaint for divorce on October 3, 2002.
 {¶ 7} Before appellee appeared, a hearing was held on December 6, 2002, on appellant's motion for spousal support. The trial court ordered appellee to pay temporary spousal support in the amount of $800 per month.
 {¶ 8} On December 10, 2002, appellee filed a motion for leave to answer appellant's complaint. The motion was granted, and appellee answered and counterclaimed for divorce. Appellee also moved to vacate the temporary spousal support order, but that motion was denied.
 {¶ 9} On March 18, 2003, appellee submitted to the trial court an affidavit listing his expenses, and appellant did the same ten days later. On appellant's affidavit, she stated that the parties filed for bankruptcy in April 2000. Also, according to this affidavit, on April 27, 2000, the parties obtained a truck, and $13,000 of the balance was owed.
 {¶ 10} Both parties agreed to incompatibility, and a hearing was held before the trial judge on June 24, 2003. The parties stipulated that spousal support was the only issue before the trial court. The judge heard from appellant and appellee, and both parties waived opening and closing arguments. Appellant testified that the marital home was in foreclosure.
 {¶ 11} The trial judge issued his findings on July 8, 2003. According to the trial judge, the parties were entitled to a divorce based upon incompatibility. The trial judge found that there was no equity in the marital residence and suggested that appellant "should" quitclaim her interest therein to appellee. The judge also suggested the household furnishings "should" be divided by agreement or all items "should" be placed on a list with the parties making alternate selections starting with appellee. The judge also found that there was no equity in the motor vehicle of the parties and suggested it "should" be awarded to husband who could be responsible for its debt. The judge suggested that the marital portion of any pension "should" be divided equally between the parties.
 {¶ 12} The judge further found that appellant left the marital residence and, on that same day, began living with Ziska, who was employed and was providing living quarters for appellant. The trial judge then suggested that appellee "should" be ordered to provide health insurance coverage for appellant not to exceed $250 per month for thirty-six months.
 {¶ 13} The trial judge ordered that "[c]ounsel for [appellee] should prepare a Decree of Divorce consistent with these findings and the agreement of the parties. IT IS SO ORDERED."
 {¶ 14} Appellant filed a notice of appeal with the trial court on August 7, 2003. This court dismissed the appeal because the trial judge's findings did not constitute a final appealable order.
 {¶ 15} The same trial judge issued an order, dated September 26, 2003, that granted the parties a divorce and reflected the judge's July 8, 2003 findings and conclusions, as actual orders.
 {¶ 16} From this judgment, appellant sets forth the following assignments of error:
 {¶ 17} "[1.] The trial court erred and committed an abuse of discretion by limiting its award of spousal support by ordering husband to maintain health insurance coverage for three years not to exceed $250.00.
 {¶ 18} "[2.] The trial court erred and committed an abuse of discretion by limiting the duration of the spousal support it awarded to a period of three years without adequate findings to support its decision.
 {¶ 19} "[3.] The trial court erred and committed an abuse of discretion by denying and/or limiting spousal support to the appellant on the basis of cohabitation given that the evidence did not support a finding of cohabitation.
 {¶ 20} "[4.] The trial court erred and committed an abuse of discretion by failing to consider the statutory factors in Ohio Revised Code 3105.18 in its findings wherein it denied appellant any spousal support."
 {¶ 21} Before addressing appellant's assignments of error, we will lay out the appropriate standard of review. This court stated that "[i]t is well-established that pursuant to R.C.3105.18(C)(1), the trial court enjoys broad discretion in awarding spousal support to either party when it is `appropriate and reasonable' to do so." Pengov v. Pengov, 11th Dist. No. 2002-G-2485, 2003-Ohio-6755, at ¶ 18, citing Glass v. Glass
(Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 6. Such an award will not be disturbed on appeal absent an abuse of discretion. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67. When applying the abuse of discretion standard, the appellate court is not free to merely substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161. Moreover, "an abuse of discretion is more than an error of law or of judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 22} Further, we must indulge every reasonable presumption in favor of the trial court's finding of facts. Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77. If the evidence is susceptible to more than one interpretation, we must construe it in favor of the trial court's judgment. See, e.g., Ross v.Ross (1980), 64 Ohio St.2d 203. See, also, The C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, (Judgments that are supported by competent, credible evidence must not be reversed as being against the manifest weight of the evidence.).
 {¶ 23} We now turn to the merits of appellant's assignments of error, and we will consider all assignments together for the sake of ease and clarity. In appellant's four assignments of error, she argues that the trial court erred by limiting spousal support to an order for appellee to maintain health insurance for appellant; by denying spousal support on the basis of cohabitation; and by failing to adequately consider the factors set forth in R.C. 3105.18 when fashioning an award of spousal support. We disagree.
 {¶ 24} R.C. 3105.18(C) outlines the factors a trial court must consider in making a determination of spousal support, and a trial court's determination shall not be based on any factor taken in isolation. Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 96. "In * * * making an award of [spousal support], the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Id. at 97. A trial court cannot satisfy this requirement by merely stating that it has considered the requisite factors, and a judgment entry awarding spousal support must provide some illumination of the facts and reasoning underlying the judgment. This is true even though evidence was introduced * * * and contained in the record which may support some award of spousal support. Pengov at ¶ 23, quoting Herman v. Herman (Mar. 29, 1997), 11th Dist. No. 96-P-1094, 1997 Ohio App. LEXIS 1223, at 4.
 {¶ 25} In the instant matter, although the trial court did not explicitly state that it had considered all the factors outlined in R.C. 3105.18(C), it is clear that the trial court considered those factors which were relevant to the matter. Spousal support can be limited by cohabitation. See, e.g., Moellv. Moell (1994), 98 Ohio App.3d 748, 751. "`[C]ohabitation' describes an issue of lifestyle, not a housing arrangement. * * * [W]hen considering the evidence, the trial court should look to three principal factors. These factors are[:] `(1) an actual living together; (2) of sustained duration; and (3) with shared expenses with respect to financing the day-to-day incidental expenses.'" (Internal citation omitted.) Id. at 752.
 {¶ 26} In other words, cohabitation with a member of the opposite sex does not necessarily justify limiting spousal support unless the paramour has undertaken a duty of support.Perri v. Perri (1992), 79 Ohio App.3d 845. Cohabitation implies that some sort of monetary support is being provided by the new partner or for the new partner; without a showing of support, merely living together is insufficient to permit a termination of alimony. Thomas v. Thomas (1991), 76 Ohio App.3d 482, 485.
 {¶ 27} In the instant matter, appellant argues that she and Ziska were not sharing expenses and that she was not receiving support from him. The record belies any such contention.
 {¶ 28} At the hearing, appellant testified on cross-examination:
 {¶ 29} Q: So, do you pay rent?
 {¶ 30} A: Yes. Form of rent, yes, I help pay for like groceries and for gas in the vehicle because I don't have one.
 {¶ 31} She further testified that her monthly expenses include "gas for the truck. I help pay for insurance on the truck. I have prescriptions * * *. I have a dental bill I'm paying on." However, this testimony conflicts with the list of monthly expenses appellant submitted to the trial court.
 {¶ 32} The list of monthly expenses appellant provided prior to trial is confusing; the only expenses she listed were $327.73 for electric, which seems quite exorbitant; $30 for each of two credit cards; food at $150; and clothing at $50. She did not list the expenses to which she testified, relating to gasoline for the truck or insurance for the truck. Importantly, when listing her monthly expenses, appellant did not list a monthly rent amount. That column was left blank.
 {¶ 33} Appellant seems to argue in her appellate brief that she paid her own expenses, including a "form of rent." It should be noted that appellant's testimony conflicts with her written list of expenses, and neither list constitutes all expenses appellant would have if fully supporting herself.
 {¶ 34} Moreover, even if appellant were paying her own share for food and utilities, as she argues, this does not permit a conclusion that this is a "form of rent," as appellant would like this court to believe. Paying her share of food and utilities is simply that. It is apparent that Ziska provided appellant shelter without cost and was thus supporting her to an extent. As such, there existed competent, credible evidence supporting the trial court's finding that Ziska and appellant were cohabitating, and the trial court did not err by finding such. Accordingly, the trial court did not err by limiting its award of spousal support based upon this finding, and appellant's third assignment of error is without merit.
 {¶ 35} From this logic, it is clear that the trial court considered the relevant factors when fashioning an award for spousal support. Because appellant left the marital home and was supported by Ziska, at least in part, the trial court implicitly concluded that any additional support would not be equitable. Such a determination was not an abuse of discretion, and the trial court considered those factors outlined by R.C. 3105.18(C) which were relevant to the matter. Appellant's fourth assignment of error is without merit.
 {¶ 36} From this, we also conclude that appellant's first and second assignments of error are without merit. The trial court did not err by limiting its award of spousal support to appellee's payment of appellant's health insurance not to exceed $250 per month and for three years. It is clear that this award was, at least in part, based upon appellant's medical condition and her prior access to health insurance through appellee's employer. Such hospitalization ceased upon the divorce, and appellant did not have access to hospitalization through employment because she was not employed.
 {¶ 37} The trial court did not abuse its discretion by fashioning this award, as the amount and duration of spousal support were reasonable under the circumstances. Appellant was supported in part by Ziska, and $250 per month for thirty-six months will provide appellant access to health insurance while enabling her time to find alternative access for when the award ceases.
 {¶ 38} It should also be noted that while appellant received "only" $250 per month for thirty-six months, appellee was awarded the parties' truck and the $13,000 debt associated with it as well as the marital home which was in foreclosure according to appellant. Accordingly, the award was appropriate under the circumstances. Appellant's first and second assignments of error are not well-taken.
 {¶ 39} In conclusion, appellant's four assignments are without merit. We affirm the judgment of the trial court.
O'Neill, J., Grendell, J., concur.