OPINION
{¶ 1} Appellant, Gerald Hawley ("Hawley"), appeals the July 23, 2003 "Judgment Entry Decree of Divorce" of the Portage County Court of Common Pleas, Domestic Relations Division, terminating Hawley's marriage to appellee, Jeanette A. Hawley, now known as Jeanette Snyder ("Snyder"). Hawley appeals that part of the decision awarding Snyder spousal support. For the following reasons, we affirm in part, and reverse in part, the decision of the court below.
 {¶ 2} Hawley and Snyder were married on March 23, 1974, in Bedford, Ohio. Three children were born of the marriage, one of whom is a minor at the time of these proceedings. On January 28, 2002, Snyder filed a complaint for divorce. On November 27, 2002, the magistrate issued an amended decision in this matter. The magistrate recommended that Snyder be the residential parent of the minor child, that Hawley pay child support in the amount of $427.48 per month plus poundage, that Hawley pay spousal support in the amount of $500 per month for eight years or until Snyder's death or remarriage, and that Snyder's spousal support include thirty-six months of COBRA coverage. Hawley duly filed objections to the magistrate's decision which the trial court overruled, finding that Snyder "should receive spousal support from [Hawley] as ordered in the Amended Magistrate's Decision." The court then ordered Snyder's counsel to prepare a judgment entry and decree of divorce "consistent with" the amended magistrate's decision. On July 23, 2003, the court entered judgment on the "Judgment Entry Decree of Divorce" drafted by Snyder's counsel. The entry ordered Hawley to pay spousal support in the amount of $500 per month for eight years, child support in the amount of $427.58 per month plus poundage, and the entire COBRA health insurance premiums for Snyder for thirty-six months. This appeal timely follows the court's entry of that decree.
 {¶ 3} Hawley raises the following assignments of error.
 {¶ 4} "[1.] The court neglected to address all relevant factors which it is required to consider when making an award of spousal support.
 {¶ 5} "[2.] Mrs. Hawley failed to meet her burden to establish that she was entitled to spousal support.
 {¶ 6} "[3.] The trial court abused its discretion when it determined that Mrs. Hawley had a need for spousal support and Mr. Hawley had the ability to pay spousal support.
 {¶ 7} "[4.] The trial court's failure to address all relevant factors which it is required to consider when making an award of spousal support is arbitrary, capricious and constitutes an abuse of discretion.
 {¶ 8} "[5.] The court made a mathematical mistake of fact when it determined wife's expenses for purposes of spousal support, thereby making a decision contrary to and against the weight of the evidence for which there is no support in the record.
 {¶ 9} "[6.] The court abused its discretion when it failed to credit as spousal support paid by husband the COBRA payments made for wife's insurance.
 {¶ 10} "[7.] The court's award of spousal support for a period of eight years is excessive, and is not supported by sufficient reasoning to determine whether an abuse of discretion has occurred; alternatively, the court abused its discretion in awarding spousal support for a term of eight years.
 {¶ 11} "[8.] The court abused its discretion and failed to give adequate credit for amounts paid by husband to wife for spousal support when it calculated child support, because it should have characterized the amount of $243.50 paid for COBRA by husband as a deduction to husband's income before computing child support."
 {¶ 12} "[9.] The court abused its discretion when it ruled that both parties should equally pay the debts of the marriage, including any deficiency after the sale of the house."
 {¶ 13} Hawley's first five assignments of error challenge the award of spousal support to Snyder and will be considered together.
 {¶ 14} In a divorce or legal separation proceeding, a court may award "reasonable spousal support" upon the request of either party. R.C.3105.18(B). When determining if spousal support is "reasonable and appropriate," a court must consider the following factors: (a) the parties' income, (b) the parties' earning abilities, (c) the parties' ages and health, (d) the parties' retirement benefits, (e) the duration of the marriage, (f) the responsibilities of a party as custodian of a minor child, (g) the standard of living established during the marriage, (h) the parties' education, (i) the parties' assets and liabilities, (j) each party's contribution to the other's education and career, (k) the needs of the party seeking support to acquire work skills/education, (l) the tax consequences, (m) a party's diminished earning capacity as a result of his or her marital responsibilities, and (n) any other factor the court finds relevant and equitable. R.C. 3105.18(C). "[T]he issue is not just whether it would be reasonable and appropriate for the one seeking support to receive it but also whether it would be reasonable and appropriate for the other party to have to pay it." White v. White, 7th Dist. No. 02 CO 74, 2003-Ohio-3279, at ¶ 32.
 {¶ 15} "In making spousal support awards, R.C. 3105.18 requires the trial court to review the statutory factors * * * that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review." Stafinsky v.Stafinsky (1996), 116 Ohio App.3d 781, 784, citing Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96-97. A court may not simply state that it has considered the factors in R.C. 3105.18(C). Stychno v. Stychno (Dec. 29, 1995), 11th Dist. No. 94-T-5036, 1995 Ohio App. LEXIS 5885, at *8 (citation omitted). The court's judgment entry must "provide some illumination of the facts and reasoning underlying the judgment." Killingv. Killing (Sept. 30, 1994), 11th Dist. No. 93-P-0096, 1994 Ohio App. LEXIS 4425, at *7 (citations omitted).
 {¶ 16} In awarding spousal support, a trial court has the discretion to do what it finds equitable based on the facts and circumstances of each particular case. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355;Tedrow v. Tedrow, 11th Dist. No. 2002-T-0064, 2003-Ohio-3693, at ¶ 8 (citations omitted). Such discretion is not unlimited. Id. A reviewing court should not substitute its judgment for that of the lower court unless, considering the totality of the circumstances, it finds that the lower court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131 (citations omitted); Ricciardella v.Ricciardella, 11th Dist. No. 2003-P-0100, 2004-Ohio-1184, at ¶ 29 (citation omitted). "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219 (citation omitted).
 {¶ 17} Relative to the recommendation that Snyder receive spousal support, the magistrate made the following findings. The magistrate found that Hawley was earning approximately $42,000 working for Ferry Industries and that Snyder's income should be $14,000. Snyder testified that she receives $449 per month in Social Security disability for bipolar disorder and lung disease. The magistrate calculated Snyder's income by combining Snyder's Social Security disability income with an imputed $9,500 earning capacity. The magistrate figured Snyder's expenses to be in excess of $2,100 per month.
 {¶ 18} The magistrate then stated his conclusions: "After consideration of all the factors contained in ORC 3105.18 including the length of the marriage, the relative earnings of the parties, the income potential of the parties, the need of the parties, the ability of the parties to pay spousal support, the debts of the parties, and the age of the parties, the Magistrate finds the Plaintiff needs at least $500 per month (including COBRA for the first 3 years) for 8 years or until the remarriage or cohabitation of the Plaintiff or the death of either party whichever comes earlier." In overruling Hawley's objections to the magistrate's decision, the trial court added the following: "The Court notes that the Wife is disabled and her ability to earn income is severely limited. Husband, on the other hand, is not so limited and the opportunity to find extra employment in the work force is available to him. This is also a marriage of 30 years."
 {¶ 19} We hold that the trial court complied with the requirement of R.C. 3105.18 by reviewing the statutory factors and by indicating the basis for its award in sufficient detail. The trial court's decision to award spousal support was based on the duration of the marriage, the disparity in incomes between Hawley and Snyder, which disparity existed throughout the course of the marriage, the fact that Snyder's ability to work is limited, and Snyder's greater needs resulting from her own disability as well as from the costs of raising their minor child. We note that the divorce decree divided all marital debts evenly between the parties and ordered that the proceeds from the sale of the marital home be divided evenly. This court has also upheld spousal support awards where the trial courts have provided a comparable level of analysis of the facts and reasoning underlying the decision to award support. See, e.g.,Kershner v. Kershner, 11th Dist. No. 2003-P-0024, 2004-Ohio-1523, at ¶¶ 48-50; Earnest v. Earnest, 151 Ohio App.3d 682, 2003-Ohio-704, at ¶¶16-33; Lamb v. Lamb, 11th Dist. No. 2001-P-0027, 2002-Ohio-1055, 2002 Ohio App. LEXIS 1035, at * 9-*11.
 {¶ 20} Hawley argues that the trial court's award constitutes an abuse of discretion since it renders Hawley unable to meet his own basic needs. According to Hawley, Snyder's actual needs are only $1,537 a month as compared to Hawley's needs of $1,934 a month. Hawley determines his disposable monthly income to meet those needs to be $1,474.67, after deducting $845.70 a month for taxes, $500.00 a month for spousal support, $436.13 a month for child support (including poundage), and $243.50 a month for COBRA. Hawley determines Snyder's disposable monthly income to be $2,337.75, representing $1,166.67 from social security and imputed income, plus $500.00 from spousal support, $427.58 from child support (not including poundage), and $243.50 a month from COBRA. In light of these figures, Hawley argues, the trial court's award of spousal support was unjustified since it leaves Hawley unable to meet his basic needs while Snyder receives a windfall of over six-hundred dollars.
 {¶ 21} We are not persuaded by Hawley's calculations that the trial court abused its discretion. Initially, Hawley's claim that his legitimate monthly expenses as a bachelor are $1,934, while Snyder's monthly expenses, which include raising a fourteen-year-old boy, are only $1,537 a month, is suspect. The trial court determined Snyder's monthly expenses to be in excess of $2,100 a month. Having reviewed the evidence, we find the trial court's determination to be supported by competent and credible evidence. To arrive at the figure of $1,537 a month, Hawley arbitrarily deducts $200 from Snyder's clothing expenses which he finds excessive and applies Snyder's public housing assistance to her current rent. Hawley also fails to include any medical expenses for Snyder, who is acknowledged to be disabled. The evidence in the record indicates that these expenses, which include her Medicaid premium and prescription refills, amount to approximately $178.70 a month.
 {¶ 22} Hawley's calculation of the parties' disposable monthly income is also flawed. In calculating his monthly income, Hawley deducts for taxes. He does not deduct anything from Snyder's income for taxes, although the $9,500 of imputed income, if earned, would be subject to taxation. Hawley overlooks the fact that the spousal support Snyder receives from Hawley is deductible from Hawley's taxable income and constitutes part of Snyder's taxable income. Sections 62, 71, 215, Title 26, U.S. Code. Hawley also credits Snyder with the $243.50 that he pays for COBRA, although this money is not paid to Snyder and, therefore, is not part of her disposable income.
 {¶ 23} A more realistic view of Hawley's and Snyder's relative incomes reveals them to be roughly equal in light of the trial court's decision. From the $42,000 Hawley earns in a year, $6,000 is paid to Snyder for spousal support and $5,130.96 for child support. These payments reduce Hawley's annual income to $30,869.04 and raise Snyder's income to $25,130.96. If the $243.50 for COBRA is considered, Hawley's annual income is further reduced to $27,947.04, while Snyder's remains at $25,130.96. In light of these figures, we find that the trial court's award of spousal support does not unfairly burden Hawley's ability to meet his monthly expenses relative to Snyder's ability to meet her own legitimate monthly expenses. Hawley's first five assignments of error are without merit.
 {¶ 24} Hawley argues in his seventh assignment of error that the eight-year duration of the trial court's spousal support award is excessive. In light of the fact that we are reversing the trial court's spousal support award, based on the sixth and eighth assignments of error, with instructions for the trial court to reconsider the amount of the award, it would be premature for this court to consider the duration of the support award at this time.
 {¶ 25} In the ninth assignment of error, Hawley argues that the trial court abused its discretion by ruling that both parties should equally pay the debts of the marriage. Although the trial court did not make any express findings about the amount of marital debt, we note that according to Hawley's financial affidavit, there was $5,828.43 of debt excluding the house mortgage and car payments, and that according to Snyder's financial affidavit, there was $4,190.00 of debt excluding the house mortgage and car payments. According to Hawley's hearing testimony, there was $3,000.00 of equity in the marital home.
 {¶ 26} Hawley's argument that an equal division of the marital debt is inequitable is based on Hawley's claims that the court's spousal support award leaves him unable to meet his basic needs while bestowing a windfall on Snyder. As discussed above, we conclude that the court's spousal support order did not create a windfall for Snyder beyond her basic needs and did not unfairly burden Hawley in regard to his own needs. To put it another way, the court's spousal support award did not put Snyder in any better position to meet her basic needs than it left Hawley. Accordingly, the court's decision to equally divide the marital doubt was within its discretion. Hawley's ninth assignment of error is without merit.
 {¶ 27} Hawley's sixth and eighth assignments of error both assert that the trial court erred by failing to credit Hawley's COBRA payments as spousal support. As a result, Hawley maintains that Snyder, in effect, receives $743.50 in month for spousal support, while he is only credited on the child support worksheet for paying $500.00 in spousal support. For the following reasons, this contention has merit.
 {¶ 28} In the magistrate's decision recommending that Snyder receive spousal support, the magistrate found that Snyder "needs at least $500 per month (including COBRA for the first three years)." Elsewhere, the magistrate stated that Snyder "is entitled to COBRA coverage as part of her spousal support."
 {¶ 29} As part of the judgment entry approving the magistrate's recommendations, the trial court ordered Snyder's attorney to "prepare a Judgment Entry and Decree of Divorce consistent with the Amended Magistrate's Decision." However, the judgment entry prepared by Snyder's attorney and entered by the trial court was not consistent with the magistrate's decision in that it imposed the costs of COBRA in addition to the award of spousal support. Accordingly, we reverse the decision of the trial court as it applies to the costs of COBRA coverage. On remand, the trial court is instructed to clarify whether the costs of providing COBRA coverage are to be included in the $500.00 award of spousal support or in addition to this award and whether the COBRA coverage is to continue after Snyder's remarriage.
 {¶ 30} There is a second, more practical reason for remanding this case for further proceedings in regards to the issue of COBRA coverage. The magistrate's decision recommended that Hawley pay for COBRA for three years as part of a spousal support award that would last eight years or until Snyder died or remarried. Should the trial court hold that providing COBRA is part of the spousal support award, then, the obligation to provide COBRA should also terminate on Snyder's remarriage. As provided for in the judgment entry as written, however, Hawley's obligation to provide for COBRA continues for three years regardless of Snyder's remarriage and regardless of whether there is an actual need for this coverage.
 {¶ 31} For the foregoing reasons, the decision of the Portage County Court of Common Pleas, Domestic Relations Division, is reversed as it pertains to the issue of COBRA. This case is remanded with instructions to amend its July 23, 2003 judgment entry so as to indicate whether the costs of providing COBRA coverage are to be included in the $500.00 award of spousal support or in addition to this award. Depending on whether the trial court intended spousal support to constitute part of the property settlement between Snyder and Hawley, the court should also reconsider the impact, if any, that changing the amount of spousal support would have on that settlement as well as the amount of child support owing from Hawley to Snyder. See R.C. 3119.022. In all other respects, the judgment of the Portage County Court of Common Pleas is affirmed.
Ford, P.J., Rice, J., concur.