{¶ 1} This matter is submitted to this court on the record and the brief of appellant, Michael P. Harrison. Appellee, Pamela M. Harrison, has not filed a brief in this matter. Appellant appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court denied appellant's motion to modify spousal support.
 {¶ 2} The parties were married in 1980. The marriage produced one child; however, the child was emancipated at the time this action was initiated and is not at issue in these proceedings. Appellee moved out of the marital residence in May 2001. In October 2001, appellee filed a complaint for divorce.
 {¶ 3} In April 2003, the trial court issued a final decree of divorce. In this judgment entry, the trial court ordered appellant to pay appellee spousal support in the amount of $400 per month. The judgment entry indicated that the spousal support award would "terminate upon death of either party or [appellee's] remarriage or cohabitation with an unrelated male." The trial court retained jurisdiction to modify the spousal support award. Appellant appealed the trial court's April 2003 judgment entry to this court, and this court affirmed the trial court's judgment entry.[1]
 {¶ 4} On September 16, 2004, appellant filed a motion to modify spousal support. As the basis for the motion, appellant alleged that appellee was cohabitating with an unrelated male. A hearing was held on the motion before a magistrate. At the hearing, appellee testified that she lives at an apartment in Geneva-on-the-Lake, Ohio. Also, she testified that she has a sexual relationship with an individual named Russell Cowles ("Mr. Cowles"). Mr. Cowles lives in a house in Ashtabula, Ohio. Appellant and his sister, Patricia Harrison, both testified to seeing appellee's car parked at Mr. Cowles' residence. Patricia Harrison testified that appellee's car is often blocked by Mr. Cowles' vehicle in the narrow driveway. Further, she testified that appellee's car is frequently at Mr. Cowles' residence, including early in the morning and in the evenings.
 {¶ 5} Following the hearing, the magistrate issued a decision recommending appellant's motion to modify spousal support be denied. Appellant filed objections to the magistrate's decision. The trial court overruled appellant's objections to the magistrate's decision.
 {¶ 6} Appellant filed a timely notice of appeal. This court issued a judgment entry indicating that the trial court's judgment entry was not a final, appealable order, because the trial court did not state its own findings in the judgment entry. This court remanded the matter to the trial court to issue a new judgment entry. The trial court issued a new judgment entry on September 22, 2005.
 {¶ 7} Appellant raises the following assignments of error:
 {¶ 8} "[1.] The trial court erred in utilizing a heightened standard of proof necessary to support a finding of cohabitation.
 {¶ 9} "[2.] The decision of the trial court is against the manifest weight of the evidence."
 {¶ 10} Due to the related nature of these assigned errors, they will be addressed in a consolidated fashion.
 {¶ 11} This court will not disturb a trial court's decision on a motion to reduce or terminate spousal support absent a showing that the trial court abused its discretion.[2] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[3]
 {¶ 12} Of specific concern in this matter is whether the trial court erred in concluding that appellee and Mr. Cowles did not cohabitate. Whether cohabitation exists is a question of fact for the trial court, and is subject to a manifest weight of the evidence review.[4] "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."[5]
 {¶ 13} The trial court followed the test approved in Moellv. Moell to determine whether appellee and Mr. Cowles were cohabitating.[6] In Moell v. Moell, the Sixth Appellate District noted the factors of cohabitation are "`(1) an actual living together; (2) of a sustained duration; and (3) with shared living expenses with respect to financing and day-to-day incidental expenses.'"[7] This court has followed this test.[8]
 {¶ 14} Initially, we note that appellant and Mr. Cowles maintained separate residences. Appellee testified that she lives in an apartment in Geneva-on-the-Lake, Ohio and Mr. Cowles lives in a house in Ashtabula, Ohio. Maintaining separate residences is indicative of a lack of cohabitation.[9] This evidence suggests that appellee and Mr. Cowles did not actually live together. The trial court found that appellee was spending a significant amount of time at Mr. Cowles' residence. However, significant visitation time does not equate to "living together."
 {¶ 15} Further, in this matter, there was a complete lack of evidence regarding shared living expenses. Appellee testified that she does not pay any of the bills associated with Mr. Cowles' residence. The only remote evidence presented that appellee contributes to Mr. Cowles' expenses was that appellee testified she made a potato salad at his house about a month before the hearing.
 {¶ 16} Appellant argues that appellee must be receiving money from Mr. Cowles, because (1) her rent is $450 per month, (2) she is not employed, and (3) she indicated her only source of income was the spousal support payments she received every other week in the amount of $180. The problem with appellant's argument is that it is entirely speculative. There was no evidence that Mr. Cowles was supporting appellant. Appellant could be receiving money from other sources to meet her financial obligations. Alternatively, appellant may not be meeting her obligations and may be accruing debt. The bottom line is that without evidence that Mr. Cowles was financially supporting appellant, we cannot say the trial court's decision was against the manifest weight of the evidence.
 {¶ 17} Appellant contends the trial court erred by applying the test for cohabitation set forth in Moell v. Moell, rather than the test set forth by the Supreme Court of Ohio. In Statev. Williams, the Supreme Court of Ohio held, "[t]he essential elements of `cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium."[10]
Further, the court explained "[p]ossible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations."[11] The court held that the weight to be given these factors by the trier of fact is to be determined on a case-by-case basis.[12]
 {¶ 18} We recognize that State v. Williams is a criminal domestic violence case. The Eighth Appellate District declined to apply this definition to a civil domestic relations case.[13]
Likewise, we have reservations about heedlessly applying a definition established for criminal law in the arena of domestic relations law. However, for the following reasons, we hold that the trial court's decision that appellee was not cohabitating would be upheld under either definition of cohabitation.
 {¶ 19} In this matter, appellee admitted to having a sexual relationship with Mr. Cowles. Thus, the consortium prong of theState v. Williams test for cohabitation was satisfied. Again, however, there was no evidence regarding the sharing of financial obligations. Accordingly, the second prong of the State v.Williams cohabitation test was not satisfied.
 {¶ 20} The trial court's decision that appellee and Mr. Cowles were not cohabitating was not against the manifest weight of the evidence. As such, the trial court did not abuse its discretion by denying appellant's motion to modify spousal support.
 {¶ 21} Appellant's first and second assignments of error are without merit.
 {¶ 22} The judgment of the trial court is affirmed.
Rice, J., O'Toole, J., concur.
[1] Harrison v. Harrison, 11th Dist. No. 2004-A-0003,2005-Ohio-6293.
[2] (Citations omitted.) McClain v. McClain (Sept. 30, 1999), 11th Dist. No. 98-P-0002, 1999 Ohio App. LEXIS 4655, at *5-10.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] Barclay v. Barclay (Dec. 11, 1997), 10th Dist. No. 97APF07-902, 1997 Ohio App. LEXIS 5610, at *2, citing Fuller v.Fuller (1983), 10 Ohio App.3d 253, 254. See, also, Buck v.Buck (Feb. 10, 1992), 3d Dist. No. 5-91-23, 1992 Ohio App. LEXIS 524, at *3-4.
[5] C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus.
[6] Moell v. Moell (1994), 98 Ohio App.3d 748.
[7] (Secondary citation omitted.) Moell v. Moell,98 Ohio App.3d at 752, quoting Dickerson v. Dickerson (1993),87 Ohio App.3d 848, 850, fn. 2.
[8] Clark v. Clark, 11th Dist. No. 2003-P-0119,2004-Ohio-2929, at ¶ 25, quoting Moell v. Moell,98 Ohio App.3d at 752.
[9] See Harner v. Harner (Aug. 4, 1995), 11th Dist. No. 94-P-0088, 1995 Ohio App. LEXIS 3221, at *5.
[10] State v. Williams (1997), 79 Ohio St.3d 459, paragraph two of the syllabus.
[11] State v. Williams, 79 Ohio St.3d at 465.
[12] Id.
[13] Schmidt v. Schmidt (Dec. 14, 2000), 8th Dist. No. 76779, 2000 Ohio App. LEXIS 5880, at *15.