PARKER, Appellee,

v.

PARKER, Appellant.

[Cite as *Parker v. Parker,* 182 Ohio App.3d 49, 2009-Ohio-1917.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–08–41.

Decided April 27, 2009.

**50**

[redacted]

Elizabeth Behrendt, for appellee.

William E. Clark, for appellant.

WILLAMOWSKI, Judge.

{¶ 1} Defendant-appellant, David J. Parker, brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division, extending spousal support as requested by plaintiff-appellee, Denise M. Parker. For the reasons set forth below, the judgment is reversed, and the cause is remanded for further proceedings.

{¶ 2} David and Denise were divorced on March 5, 2001, after 18 years of marriage. The issue of spousal support was deferred pending the sale of the marital residence. On September 2, 2002, a hearing was held on spousal support. The trial court granted spousal support on December 3, 2003. This order

provided for spousal support through September 2, 2007. However, the trial court retained jurisdiction to determine whether an extension would be appropriate.

{¶ 3} On June 27, 2007, Denise filed a motion for continuance of spousal support. A hearing was held before a magistrate on September 17, 2007. On September 21, 2007, the magistrate issued her recommendation that spousal support be continued at a reduced amount for one year with no reservation of authority to make further extensions. David objected to the magistrate's recommendations. On July 29, 2008, the trial court overruled David's objections, and on August 19, 2008, the trial court entered judgment accepting the magistrate's recommendations. David appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

The trial court abused its discretion and erred as a matter of law by granting Denise an extension of spousal support as that decision was against the manifest weight of the evidence.

### Second Assignment of Error

Alternatively, the trial court abused its discretion and erred as a matter of law by granting an extension beyond the aggregate six year period of spousal support found reasonable by the magistrate and ordered by the trial court.

{¶ 4} In the first assignment of error, David claims that the trial court's decision to extend spousal support by one year was against the manifest weight of the evidence. A civil judgment is not against the manifest weight of the evidence if it is supported by some competent, credible evidence going to all of the essential elements of the case. *Lias v. Beekman*, 10th Dist. No. 06AP–1134, 2007-Ohio-5737, 2007 WL 3108899, ¶ 19, quoting *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. A trial court enjoys broad discretion to do what it finds equitable based upon the facts of each case when awarding spousal support. *Hawley v. Hawley*, 11th Dist. No. 2003–P–0096, 2004-Ohio-3189, 2004 WL 1375757, ¶ 16, citing *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. An appellate court may not substitute its judgment for that of the trial court absent a showing of an abuse of discretion. Id., citing *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597. When determining whether spousal support is appropriate, the trial court must consider the statutory factors. R.C. 3105.18(C).

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1). The trial court must then indicate the basis for the award to allow for adequate appellate review. *Hawley*, 2004-Ohio-3189, 2004 WL 1375757, ¶ 15. The trial court, however, is not required to specifically enumerate those factors. *Hendricks v. Hendricks*, 3d Dist. No. 15–08–08, 2008-Ohio-6754, 2008 WL 5330463, ¶ 31. Pursuant to the Ohio Supreme Court's decision in *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, the trial court may not modify a prior order of spousal support unless the court finds that a substantial change in circumstances has occurred and that the change was not contemplated at the time of original decree.

{¶ 5} Here, the evidence indicates that the magistrate considered the statutory factors. Specifically, the magistrate's recommendation addresses the parties' incomes and expenses, the parties' earning abilities, the parties' ages and health, the duration of the marriage, the fact that all of the children from the marriage are emancipated, the parties' education levels, the tax consequences of spousal

support, and the needs of the parties.[1]  The magistrate also discussed at length the failings of Denise to better her situation:

The amount of spousal support that is appropriate is difficult to ascertain, given plaintiff's failure to accurately or even adequately account for her income from tips.  Due to her own failure to get the work done on the duplex and her choice to give away at least $31,000, she has depleted her resources and lost approximately $400 in monthly income.  Because of the unrealistic and inflated expenses provided by the plaintiff, the Magistrate is also hindered in determining what the plaintiff actually needs to assist her.  With additional rental and investment income, together with tips, the plaintiff's income should reach or exceed $1,000 monthly * * *.  An additional $600 monthly for a one-year period will supplement her income as she increases her earnings after the unsuccessful attempt to be employed in other fields.  In that time, too, perhaps the plaintiff can manage her finances to maximize her return on investments, reduce unnecessary expenses, and gain a better understanding of her financial position and record-keeping responsibilities.

The overall term of the spousal support, being six years after an eighteen-year marriage, and the level of support, based on the disparities in the parties' incomes, are both reasonable and appropriate.  However, the Magistrate further concludes that it is reasonable and appropriate to terminate the spousal support on September 3, 2008 without further reservation of jurisdiction to extend the duration of spousal support.  * * * The plaintiff is on notice that the monetary supplement will terminate on the date specified, and she needs to prepare herself for that circumstance.

Sept. 21, 2007, Magistrate's Decision, 7–8.  Based upon all the evidence before her, the magistrate concluded as follows:

[A]n extension of spousal support at a lower level is reasonable and appropriate.  The plaintiff has done little to improve her financial condition in the five-year period established for her sustenance;  on the other hand, the plaintiff remains in a limited financial condition while the defendant continues to be employed at a level comparable to his prior earnings.  This was a long-term marriage, and the last home-schooled child emancipated less than a year ago.  A transition period after that emancipation is reasonable, despite the plaintiff's limited efforts.  However, the Magistrate further concludes that the court should not reserve jurisdiction to further modify the spousal support provi-

---

1.  Although not all statutory factors were addressed, the magistrate indicates that no evidence was presented on those factors not considered.  The record supports this conclusion.

sions, as the plaintiff is on sufficient notice that she must take appropriate steps to manage her financial condition.

Id. at 3–4.

{¶ 6} The trial court adopted the magistrate's decision after an independent review. However, the court failed to consider whether a substantial change in circumstances had occurred or whether that change was contemplated at the time of the original decree. The failure to do so is reversible error. *Mandelbaum*, supra. Thus, the first assignment of error is sustained.

{¶ 7} David's second assignment of error claims that the trial court erred by allowing the spousal support to continue beyond the six years deemed reasonable by the magistrate. Since the trial court erred in granting the modification without considering whether a substantial change of circumstances that was not contemplated at the time of the original decree existed, the question of whether the trial court erred in extending the spousal support for the time it did is moot. Thus, this court need not address it at this time.

{¶ 8} The judgment of the Court of Appeals of Hancock County is reversed, and the matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

PRESTON, P.J., concurs.

ROGERS, J., concurs in part and dissents in part.

ROGERS, Judge, concurring in part and dissenting in part.

{¶ 9} I agree with the majority that the trial court erred in granting a continuance of spousal support. However, due to appellee's substantial inheritance of approximately $100,000, her failure to use available assets such as the vacant half of her duplex, and especially due to the fact that she deems it appropriate to give away each month's spousal support to alleged charities, I would sustain both assignments of error and reverse the decision of the trial court. I see no need to remand the case for further proceedings. Therefore, I concur in the reversal and dissent from the order to remand.