[Cite as *Smith v. Smith*, 2013-Ohio-1287.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| WENDI SUE SMITH, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-A-0017** |
| JOHN VINCENT SMITH, JR., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2010 DR 412.

Judgment: Affirmed.

*Jane Timonere*, Timonere Law Offices, L.L.C., 4 Lawyers Row, Jefferson, OH 44047-1099 (For Plaintiff-Appellee).

*Kenneth L. Piper*, 185 Water Street, Geneva, OH 44041 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, John Vincent Smith, Jr., appeals the judgments of the Ashtabula County Court of Common Pleas awarding monthly spousal support to appellee, Wendi Sue Smith. At issue is whether the trial court's finding that appellee did not legally cohabit with a male paramour is against the weight of the evidence resulting in an abuse of discretion. For the following reasons, the judgments are affirmed.

{¶2} The parties were married on May 25, 1996. On October 4, 2010, appellee filed a complaint for divorce without children. Specifically relevant to this appeal, the

trial court ordered appellant to pay spousal support to appellee in the sum of $600 plus 2% processing charge on a monthly basis. The trial court held this spousal support shall continue until November 1, 2014, and shall terminate upon death of either party, upon the remarriage of appellee, *or upon appellee cohabitating with a member of the opposite sex*. The trial court did not retain jurisdiction to otherwise modify the award of spousal support.

{¶3} Appellant attached three judgment entries to his notice of appeal, two of which this court has jurisdiction to entertain.

{¶4} First, appellant appeals from the trial court's December 8, 2010 judgment for support pendente lite, ordering $600 plus 2% monthly spousal support, retroactively commencing on November 1, 2010. We note a "temporary pendente lite order is not a final, appealable order. Rather, any claim of prejudicial error with respect to an interlocutory order may be reviewed on appeal after a final judgment is entered in the case in which the interlocutory order was entered." *DeChristefero v. DeChristefero*, 11th Dist. No. 2001-T-0055, 2003-Ohio-3065, ¶36, citing *Mekker v. Mekker*, 11th Dist. Nos. 98-P-0006, 98-P-0007, & 98-P-0100, 1999 Ohio App. LEXIS 6273 (Dec. 23, 1999).

{¶5} Second, appellant appeals from the trial court's April 16, 2012 judgment which purported to overrule appellant's "objections" to a "docket entry." This "docket entry" is the capstone of a string of motions and entries which create something of a procedural quagmire. On December 16, 2011, the trial court created a "docket entry" that was, essentially, a review of what it intended to incorporate into the final divorce decree. The "docket entry" stated that counsel for the plaintiff was to prepare the

2

judgment entry of divorce in accordance with the "docket entry." The trial court later explained its rationale for employing this method:

{¶6} I call it a docket entry, and the reason I do that is in case I've made a mistake in the facts, if I've overlooked some important fact, or if I've misquoted, if the incomes are wrong or something of that nature, it gives the attorneys a chance to call to the Court's attention a factual mistake that I've made. * * * There's really nothing in the law that permits a motion to reconsider a judgment entry, although this isn't a judgment entry yet.

{¶7} Appellant filed an "objection" to this "docket entry." The court purported to overrule this objection in its April 16, 2012 judgment entry. It appears the trial court uses this method—which is not provided in any Civil Rule—as a courtesy to the parties in the interest of judicial economy, possibly in an effort to eradicate subsequent filings of Civ.R. 60(B) motions following the final order. It is, however, not a final order and appears to merely advise the parties what the court intends to incorporate into the final entry. Formal objections to this "docket entry" would be a nullity. Accordingly, when objections were made, there was nothing for the trial court to rule on because its "docket entry" was not intended as the final divorce decree. Thus, the court's April 16, 2012 entry has no effect. This is ultimately inconsequential, however, as appellant has also timely appealed from the final divorce decree, which essentially mirrors the initial "docket entry" from which appellant objected in the first instance.

{¶8} Third, and material to the present appeal, appellant appeals from the trial court's April 17, 2012 judgment, which served as the final decree of divorce and ordered

3

appellant to continue paying spousal support in the sum of $600 plus 2% until November 1, 2014. This entry is a final, appealable order and has been timely and properly appealed.

{¶9} The crux of appellant's contentions throughout the pendency of this action and on appeal is that the trial court's spousal support award is inconsistent with its decree that spousal support would terminate upon appellee cohabitating with a member of the opposite sex. Appellant explains there is ample evidence which illustrates that his former wife has been legally cohabitating with her paramour, Eric McCain. Thus, appellant argues, pursuant to the court's decree, the spousal support award must terminate.

{¶10} Accordingly, appellant raises a sole assignment of error, which states:

{¶11} "The trial court abused its discretion in awarding spousal support of $600 monthly to Plaintiff-Appellee Wendi Sue Smith."

{¶12} A trial court's grant of spousal support is reviewed under an abuse of discretion standard. *Dilley v. Dilley*, 11th Dist. No. 2010-G-2957, 2011-Ohio-2093, ¶59. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* (8 Ed.Rev. 2001) 11. Whether a trial court abused its discretion in making factual findings, such as a finding of cohabitation, is reviewed pursuant to a manifest-weight standard. *See Harrison v. Harrison*, 11th Dist. No. 2005-A-0029, 2006-Ohio-4948, ¶12 ("[w]hether cohabitation exists is a question of fact for the trial court, and is subject to a manifest weight of the evidence review"); *see also Doody v. Doody*, 11th Dist. No. 2006-L-200, 2007-Ohio-2567, ¶51.

4

**{¶13}** "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Harrison*, *supra*, ¶12, citing *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279 (1978). Thus, "in determining whether the trial court has abused its discretion, a reviewing court is not to weigh the evidence, 'but must ascertain from the record whether there is some competent evidence to sustain the findings of the trial court.'" *Foxhall v. Lauderdale*, 11th Dist. No. 2011-P-0006, 2011-Ohio-6213, ¶28, quoting *Clyborn v. Clyborn*, 93 Ohio App.3d 192, 196 (3d Dist.1994).

**{¶14}** Appellant argues the trial court's spousal support award was improper because appellee and her male paramour have legally cohabitated since September 2010; i.e., they have lived together for a period of time and have assumed various obligations, including financial support. Appellant contends this is inconsistent with the trial court's decree that the spousal support award shall terminate upon appellee's cohabitation with a member of the opposite sex. Appellant argues that, logically, cohabitation during the pendency of the divorce should preclude an original spousal support award.

**{¶15}** R.C. 3105.18(C)(1) lists multiple factors a trial court is required to consider when determining whether a spousal support award is "appropriate and reasonable." *Hawley v. Hawley*, 11th Dist. No. 2003-P-0096, 2004-Ohio-3189, ¶14; s*ee also Dilley*, *supra*, ¶44-58. The list of factors is non-exhaustive, and the trial court is permitted to consider any other factor it finds to be "relevant and equitable" in its spousal support determination; therefore, the matter of cohabitation, though not an express statutory

5

factor, may nonetheless be considered. *Bernard v. Bernard*, 7th Dist. No. 00 CO 25, 2002-Ohio-552, ¶14. Thus, a finding of cohabitation *may* influence a spousal support award; however, as appellee points out, "[t]he fact that an ex-spouse cohabits with another person does not *automatically* bar an award of spousal support." *Crissinger v. Crissinger*, 7th Dist. No. 05-HA-579, 2006-Ohio-754, ¶16 (emphasis added); *see also Eley v. Eley*, 3d Dist. No. 8-83-18, 1994 Ohio App. LEXIS 1046, *3 (explaining there is no authority requiring a trial court to provide for termination of spousal support when the recipient cohabitates with a member of the opposite sex).

**{¶16}** Appellant takes exception to the above-framed law on two grounds. First, relying on *Dunaway v. Dunaway*, 53 Ohio St.3d 227 (1990), appellant argues public policy *requires* a trial court terminate an original award where there has been legal cohabitation. The public policy argument is that one should not financially support a former spouse who is living with a member of the opposite sex, as if married. However, the Ohio Supreme Court rebuked the public policy considerations outlined in *Dunaway* because such considerations conflicted with, and were superseded by, R.C. 3105.18. *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, ¶8.

**{¶17}** Second, appellant contends the issue of cohabitation must be decided as a matter of law. Stated differently, appellant argues this court, on review, can determine whether appellee and Mr. McCain legally cohabited as a matter of law. However, in this case, there were no admissions concerning cohabitation. In fact, the parties presented disputed facts and conflicting inferences concerning the extent of the personal and financial relationship between appellee and Mr. McCain. As a result, the trial court made some factual determinations. This court is not in a position to disturb those

6

factual conclusions and resolve the issue as a matter of law. *See Harrison v. Harrison*, 11th Dist. No. 2005-A-0029, 2006-Ohio-4948, ¶12 ("[w]hether cohabitation exists is a question of fact for the trial court"); *Farone v. Farone*, 11th Dist. No. 94-L-058, 1995 Ohio App. LEXIS 4021, *7-8 (Sept. 15, 1995) ("[w]hether a certain living arrangement should be classified as 'cohabitation' * * * is primarily a factual question to be determined by the trial court"); *see also McClain v. McClain*, 11th Dist. No. 98-P-0002, 1999 Ohio App. LEXIS 4655 (Sept. 30, 1999).

**{¶18}** Based upon the record before this court, it cannot be concluded the trial court abused its discretion in rendering its spousal support determination. The trial court found that, due to the health condition of appellee (R.C. 3105.18(C)(1)(c)) and the "substantial earning power" of appellant (R.C. 3105.18(C)(1)(a)), an award of spousal support for a total four-year period would be consistent with the parties' respective needs, their earning ability, and the length of the marriage. The trial court also found the evidence failed to demonstrate the requisite financial responsibilities and consortium similar to marriage to support a finding of legal cohabitation between appellee and Mr. McCain. Based upon a review of the record, we find these conclusions to be substantiated by competent, credible evidence. There is nothing to suggest the court failed to exercise sound, reasonable, and legal decision-making.

**{¶19}** As a final, outstanding procedural matter, before us is appellant's appeal from the December 8, 2010 judgment for support pendente lite. Appellant premises his argument on the purported fact that appellee and Mr. McCain's cohabitation began on September 30, 2010, in a motel room in Norfolk, Ohio. Thus, appellant seems to suggest he was immediately prejudiced by this interlocutory order.

7

{¶20} On this record, there is nothing to suggest the trial court made any error by issuing the temporary order. If proof with respect to the issue of cohabitation becomes more evident, it is clear the trial court continues to retain jurisdiction to terminate the award on this basis. It is also clear there is nothing in this record that establishes error by the trial court in the initial award.

{¶21} Appellant's sole assignment of error is without merit.

{¶22} Accordingly, the judgments of the Ashtabula County Court of Common Pleas are affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.